1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

TEE TURTLE, LLC

       Plaintiff,

v.

Anhui Leadershow Industrial Co., Ltd., *et al*.,

       Defendants.

Case No.:   2:21-CV-4703-CBM-(Ex)

**ORDER RE: PLAINTIFF'S MOTION FOR DEFAULT JUDGMENT AND PERMANENT INJUNCTION**

      The matter before the Court is Plaintiff's Motion for Default Judgment and Permanent Injunction.  (Dkt. No. 83 (the "Motion").)  Having considered the Motion, the pleadings, files, and records of this matter, the Court **GRANTS** the Motion and finds as follows:

      1.    The Verified Complaint, filed on June 9, 2021, asserts four causes of action:  (1) Copyright Infringement, 17 U.S.C. § 101, *et seq.*; (2) Unfair Competition, Lanham Act § 43, 15 U.S.C. § 1125(a); (3) State Statutory Unfair Competition, Cal. Bus. & Prof. Code § 17200 *et seq.*; and (4) Unfair Competition under California Common Law.

      2.    On June 17, 2021, the Court granted Plaintiff's Ex Parte Application for a Temporary Restraining Order ("TRO") and Order to Show Cause Why a

Preliminary Injunction Should Not Issue ("OSC") upon finding Plaintiff demonstrated a likelihood of success on the merits, irreparable harm in the absence of preliminary relief, the balance of equities tips in its favor, and an injunction is in the public interest.  (*See* Dkt. Nos. 18, 19 (citing *Winter v. Nat. Res. Def. Council, Inc.*, 555 U.S. 7, 20 (2008)).)

3.     On June 17, 2021, the Court granted Plaintiff's Ex Parte Application for an Order Granting Leave for Alternative Service by Electronic Means.  (Dkt. No. 20.)

4.     The Court issued an order to show cause why a preliminary injunction should not issue (the "OSC"), ordered Defendant to file an opposition to the OSC no later than June 21, 2021, and stated that a "failure to show cause why a preliminary injunction should not issue may result in the imposition of a preliminary injunction against [Defendants] pursuant to Fed. R. Civ. P. 65."  (Dkt. No. 19.)

5.     On June 25, 2021, Plaintiff filed a proof of service reflecting service of the Verified Complaint and Summons on all Defendants.  (Dkt. No. 26.)

6.     No opposition to the OSC was filed by Defendants, and Defendants did not appear at the June 29, 2021 hearing on the OSC.  Accordingly, the Court issued a preliminary injunction against Defendants on June 30, 2021.  (Dkt. No. 30.)

7.     The Clerk entered default as to Complaint against all Defendants on July 19, 2021.  (Dkt. Nos. 32-79.)

8.     Defendants were served with the Clerk's entry of default on July 20, 2021.  (Keyes Decl. ¶ 21.)

9.     Defendants were served with notice of the instant Motion for Default Judgment and Permanent Injunction on February 2, 2022.  (Dkt. No. 84.)

10.    Pursuant to Local Rule 7-9, Defendants' opposition to the Motion was due on February 15, 2022 based on the March 8, 2022 noticed hearing date,

but no opposition was filed by Defendants and Defendants did not appear at the hearing.

11. Plaintiff's counsel declares Defendants are not infants or incompetent persons or in military services or otherwise exempted under the Soldier's and Sailors' Civil Relief Act of 1940. (Keyes Decl. ¶ 23.)

12. The Court finds the statutory damages requested by Plaintiff pursuant to the Copyright Act in the amount of $40,000.00 against each of the nine defendants (Dongguan Xinsheng Toys Co. Ltd., Guangzhou Orchard Aromatherapy & Skincare Co., Ltd., Jinhua Hairong Import and Export Co., Ltd., Long Way Wooden Toys & Crafts Co., Ltd., Ningbo Creative Import & Export Co., Ltd., Shanghai Zhanhua Amusement Equipment Co., Ltd., Xiamen MINE Trading Co., Ltd., Yangzhou Caisheng Handicraft Product Co., Ltd., and Yiwu Jianyu E-Commerce Firm) who have not complied with the Court's preliminary injunction order as of January 27, 2022 (hereinafter, the "Non-Complying Defaulting Defendants") and $25,000.00 against each of the remaining 232 Defendants who have complied with the Court's preliminary injunction order (hereinafter, "Complying Defaulting Defendants"), are within the permissible range of statutory damages permitted under the Copyright Act. *See STJ Enter. Inc. v. H Grp. Intl, Inc.*, 2020 WL 4286875, at *3 (C.D. Cal. July 27, 2020); *Star Fabrics, Inc. v. Wet Seal, Inc.,* 2015 WL 12746712, at *6 (C.D. Cal. Apr. 27, 2015).

13. The Court finds the factors in *Eitel v. McCool*, 782 F.2d 1470, 1471-72 (9th Cir. 1986), weigh in favor of granting the Motion for Default Judgment.

14. The Court finds Plaintiff is entitled to a rebuttable presumption of irreparable harm pursuant to 15 U.S.C. § 1116(a) because Plaintiff states a claim for trade dress infringement and has demonstrated a likelihood of success on the merits of its trade dress infringement claim. Defendants have not appeared and therefore present no evidence rebutting the presumption of irreparable harm.

1  Moreover, Plaintiff submits evidence that it has been harmed by the loss of
2  goodwill, damage to its reputation, and the inability to execute deals with large
3  retailers based on Defendants selling the infringing products, and it is harmed each
4  time Defendants sell the infringing products.

5          15.    Plaintiff offers evidence demonstrating the Non-Complying
6  Defaulting Defendants have continued to offer infringing products for sale in
7  violation of the Court's preliminary injunction order.  Therefore, the Court finds
8  monetary damages would not remedy the harm to Plaintiff from Defendants'
9  continued infringement.

10         16.    There is no evidence Defendants will be harmed by an injunction,
11  and any hardship as a result of enjoining Defendants from infringing Plaintiff's
12  copyrights and trade dress rights is irrelevant in determining whether to issue an
13  injunction.  *See Cadence Design Sys., Inc. v. Avant! Corp.*, 125 F.3d 824, 829 (9th
14  Cir. 1997); *Deckers Outdoor Corp. v. Ozwear Connection Pty Ltd.*, 2014 WL
15  4679001, at *13 (C.D. Cal. Sept. 18, 2014).  Plaintiff, however, submits evidence
16  it will be harmed by the loss of goodwill, damage to its reputation, and the
17  inability to execute deals with large retailers if Defendants are not enjoined from
18  selling the infringing products.

19         17.    The public interest is served by upholding rights under the Copyright
20  Act and Lanham Act.  *See Internet Specialties W., Inc. v. Milon-DiGiorgio*
21  *Enters., Inc.*, 559 F.3d 985, 993 n. 5 (9th Cir. 2009); *State of Idaho Potato*
22  *Comm'n v. G & T Terminal Packaging, Inc.*, 425 F.3d 708, 715 (9th Cir. 2005);
23  *Charter Sch. Cap., Inc. v. Charter Asset Mgmt. Fund, LP*, 2014 WL 12560776, at
24  *11 (C.D. Cal. July 21, 2014).

25         18.    Therefore, the Court finds Plaintiff demonstrates the irreparable
26  injury, inadequate remedy available at law, balance of hardships, and public
27  interest factors weigh in favor of a permanent injunction.  *eBay Inc. v.*
28  *MercExchange, LLC*, 547 U.S. 388, 391 (2006).

Accordingly, the Court **<u>GRANTS</u>** Plaintiff's Motion for Default Judgment and Permanent Injunction.  Judgment shall be entered consistent herewith in the amount of $40,000.00 against each of the Non-Complying Defaulting Defendants and $25,000.00 against each of the Complying Defaulting Defendants.

**IT IS SO ORDERED.**

SIGNED this 18th day of March, 2022 at 1:13 p.m.

_____
CONSUELO B. MARSHALL
UNITED STATES DISTRICT JUDGE